UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINETTE THOMAS-DOTSON, | : |
| Plaintiff, | : |
| | : NO. 1:12-CV-6091-RA |
| v. | : |
| COLLECTO, INC., | : **ANSWER** |
| Defendant. | : |

The defendant, by and through the undersigned counsel, for its Answer to the Complaint herein, hereby denies each and every averment, except as expressly stated below, as follows:

1. Admits that this purports to be an action under the FDCPA and NYGBL § 6349, denies liability thereunder and otherwise denies the allegations of this Paragraph 1.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 2 and therefore leaves the plaintiff to her proof.

3. Admits the defendant is a corporation incorporated under the laws of Massachusetts. Admits that defendant sometimes acts as a debt collector as defined in 15 U.S.C. § 1692a(6) and otherwise denies knowledge and information as to whether defendant so acted with respect to the plaintiff and therefore denies the remaining allegations of this Paragraph 3 and leaves the plaintiff to her proof.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 4 and therefore leaves the plaintiff to her proof.

5. Defendant repeats and re-alleges the answers to paragraph 1 through 4 of the Complaint as their answer to this Paragraph 5 as though fully set forth herein.

6. Admits that plaintiff is alleged to owe amounts to AT&T Mobility and otherwise denies knowledge and information as to the truth of the remaining allegations of this Paragraph 6 and leaves the plaintiff to her proof.

7. Admits that amounts owed by plaintiff are in default and otherwise denies knowledge and information as to the truth of the remaining allegations of this Paragraph 7 and leaves the plaintiff to her proof.

8. Admits that defendant sent plaintiff a letter dated April 19, 2012 to collect an amount owed to AT&T and otherwise denies knowledge and information as to the truth of the remaining allegations of this Paragraph 8 and leaves the plaintiff to her proof.

9. Admits that the April 19, 2012 was defendant's initial letter to plaintiff and otherwise denies knowledge and information as to the truth of the remaining allegations of this Paragraph 9 and leaves the plaintiff to her proof.

10. Denies as stated and refers to the letter for the content thereof.

11. Denies as stated and refers to the letter for the content thereof.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 12 and therefore leaves the plaintiff to her proof.

13. Admits that defendant furnished data concerning the account to a credit reporting agency, refers to the data for the content thereof and otherwise denies knowledge and information as to the remaining allegations of this Paragraph 13.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 14 and therefore leaves the plaintiff to her proof.

15. Defendant repeats and re-alleges the answers to paragraph 1 through 14 of the Complaint as their answer to this Paragraph 15 as though fully set forth herein.

16. Denies as stated and refers to the letter for the content thereof.

17. Denies as stated and refers to the letter for the content thereof.

18. Admits.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 19 and therefore leaves the plaintiff to her proof.

20. Denies.

21. Admits.

22. Admits.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 23 and therefore leaves the plaintiff to her proof.

24. Denies.

25. Admits that defendant had not billed on this particular account as of the date of the letter and otherwise denies the allegations of this Paragraph 25.

26. Denies.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Defendant repeats and re-alleges the answers to paragraph 1 through 30 of the Complaint as their answer to this Paragraph 31 as though fully set forth herein.

32. Denies.

33. Denies.

34. Denies.

35. Denies.

36. Defendant repeats and re-alleges the answers to paragraph 1 through 35 of the Complaint as their answer to this Paragraph 36 as though fully set forth herein.

37. Denies.

38. Denies.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 39 and therefore leaves the plaintiff to her proof.

40. Denies.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 41 and therefore leaves the plaintiff to her proof.

42. Denies.

43. Denies.

44. Defendant repeats and re-alleges the answers to paragraph 1 through 43 of the Complaint as their answer to this Paragraph 44 as though fully set forth herein.

45. Admits that plaintiff purports to bring this action on behalf of a class, denies that this paragraph properly defines a class and denies that class treatment is appropriate.

46. Denies that this paragraph properly defines a class.

47. Denies.

48. Denies.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 49 and therefore leaves the plaintiff to her proof.

50. This paragraph merely sets forth a conclusion of law that does not require a response. To the extent that a response is required, denies that this paragraph completely or correctly sets forth the governing law.

51. Denies.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, due to plaintiff's failure to utilize the dispute procedure set forth in 15 U.S.C. § 1692g before engaging in litigation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any violation of the FDCPA, which violation the defendant denies, was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, the defendant requests that the plaintiff's Complaint be dismissed with prejudice and the court grant defendant such other relief as may be required by the interests of justice, including without limitation, costs of defense and a reasonable attorney's fee.

Date: September 18, 2012					THE DEFENDANT
							COLLECTO, INC.


							By:_____/s/_____
							     Jonathan D. Elliot

								Zeldes, Needle & Cooper, P.C.
								1000 Lafayette Boulevard
								Bridgeport, CT  06604
								Tel:    203-333-9441
								Fax:    203-333-1489
								E-Mail:  jelliot@znclaw.com

							Its Attorneys

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on September 18, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                  /s/
                Jonathan D. Elliot